IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

Defense Training Systems, et al.
Plaintiff(s),

vs.

International Charter Inc of Wyoming
Defendant(s).

CASE NO. 3AN- 13 - 08145 CI

SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: INTERNATIONAL CHARTER INC of WYOMING

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Jeff A. Kennusaw, whose address is: 120 W. Int'l Airport Rd, Suite B, Anch, AK 99518.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge Tan
   and Master _____.

☐ This case has been assigned to District Court Judge _____.

CLERK OF COURT

07/10/13
Date

By: _____
    Deputy Clerk

I certify that on 07/10/13 a copy of this Summons was ☐ mailed  ☒ given to
☐ plaintiff   ☒ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order   ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk  AO

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (6/10)(st.3)          Exhibit 1              Civil Rules 4, 5, 12, 42(c), 55
SUMMONS                           Page 1 of 15

William K Walker
Law Office of William K Walker
910 17th Street NW, Suite 800
Washington, DC 20006
Tel: 202-857-7910
Fax: 202-857-7912

Jody A. Reausaw
Law Office of Jody A. Reausaw
130 W. Int'l Airport Road, Suite B
Anchorage, Alaska 99518
Tel: 907-258-3435
Fax: 907-258-3435
Attorneys for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| DEFENSE TRAINING SYSTEMS, a Division of ILSC Holdings, L.C., a Florida Limited Liability Company and KATMAI GOVERNMENT SERVICES, LLC, an Alaska Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>INTERNATIONAL CHARTER INC OF WYOMING, a Wyoming Corporation and BRIAN J. BOQUIST,<br><br>Defendants. | Case No. 3AN-13-_____CI |

## ENTRY OF APPEARANCE AS CO-COUNSEL

COMES NOW, William K Walker, Attorney at Law, and Jody A. Reausaw, Attorney at Law, hereby enter their appearance as co-counsel for plaintiffs, Defense Training Systems and Katmai Government Services, LLC in the above-captioned matter.

Please serve a copy of all pertinent notices, pleadings, orders and correspondence upon counsel at 130 W. Int'l Airport Road, Suite B, Anchorage, Alaska 99518.

Entry of Appearance
DTS and Katmai v. ICI and Boquist, 3AN-13_____CI

1

Dated this 1st day of July, 2013.

                LAW OFFICES OF WILLIAM K WALKER
                Co-Counsel for Plaintiffs

By: *[signature]*
      William K Walker
      ABA 7906059

                LAW OFFICE OF JODY A. REAUSAW
                Co-Counsel for Plaintiffs

By: *[signature]*
      Jody A. Reausaw
      ABA 9511072

William K Walker
Law Office of William K Walker
910 17th Street NW, Suite 800
Washington, DC 20006
Tel: 202-857-7910
Fax: 202-857-7912

Jody A. Reausaw
Law Office of Jody A. Reausaw
130 W. Int'l Airport Road, Suite B
Anchorage, Alaska 99518
Tel: 907-258-3435
Fax: 907-258-3435
Attorneys for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| DEFENSE TRAINING SYSTEMS, a Division of ILSC Holdings, L.C., a Florida Limited Liability Company and KATMAI GOVERNMENT SERVICES, LLC, an Alaska Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>INTERNATIONAL CHARTER INC OF WYOMING, Wyoming Corporation and BRIAN J. BOQUIST,<br><br>Defendants. | Case No. 3AN-13-<u>8145</u> CI |

## COMPLAINT FOR DAMAGES

Plaintiffs, by and through counsel of record, allege:

**PARTIES**

1. Plaintiff DEFENSE TRAINING SYSTEMS ("DTS") is a division of ILSC Holdings,

L.C, a Florida Limited Liability Company, engaged in the business of providing role player and

training services to the United States military, with offices at multiple locations, including 701 East Tudor Road, Suite 215, Anchorage, Alaska.

2. Plaintiff KATMAI GOVERNMENT SERVICES, LLC ("KGS") is an Alaska limited liability company with its principal offices located at 701 E Tudor Road, Suite 215, Anchorage, AK 99503. KGS is the majority owner of DTS and provides management and administrative services to DTS and in addition, provides management and administrative services to certain other wholly-owned business concerns, including federal government contractors.

3. Defendant INTERNATIONAL CHARTER INC OF WYOMING, ("ICI") a Wyoming Corporation with principal offices located at 2710 Thomes Avenue #589, Cheyenne, Wyoming 82001, is engaged in the business of providing support services as a subcontractor for role player and training services to the United States military.

4. Defendant BRIAN J. BOQUIST ("Boquist") is an Oregon resident and is the Executive Vice President and *de facto* Chief Executive Officer of ICI.

**JURISDICTION & VENUE**

5. This is a claim for damages exceeding $100,000 and subject matter jurisdiction is proper in the Superior Court under AS 22.10.020 and AS 22.15.030(a) and the Superior Court has personal jurisdiction under AS 09.05.015 because of the substantial contacts between Defendants and the State of Alaska, including but not limited to the formation of the subcontract between DTS and ICI in Alaska, the personal presence of Boquist in Alaska in connection with the subcontract, the performance of the portion of the subcontract in Alaska, the payment of amounts due under the Subcontract maintained in Alaska, and the performing of acts outside of Alaska for the purpose and with the intent of causing harm within Alaska.

6. The Third Judicial District at Anchorage is the proper venue for this action because Plaintiffs both maintain offices in Anchorage and have sustained damages in Anchorage.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. DTS provides battlefield effects, role player support, exercise control and training and training services to United States military, including services for the United States Marine Corps (USMC) at Camp Lejeune, NC and other locations pursuant to Prime Contract Number M67854-08-D-8028 ("Prime Contract"). DTS and KGS have expended substantial efforts in building a positive reputation with the USMC and all branches of the federal government as a competent and professional provider of role player services. Role player services are a significant portion of the total revenues of DTS and return on investment of KGS.

8. ICI is a subcontractor to DTS for the USMC contract, pursuant to Subcontract DTS-08-D-0001, dated May 1, 2008, and provides a portion of the services required by the Prime Contract. The Subcontract contains a provision that neither party would disparage the other party.

9. The ICI subcontract is a fixed price contract whereby ICI is paid a fixed price for its services, regardless of the actual costs incurred by it.

10. Because of changes in military priorities and commitments, together with budget constraints, the quantity and frequency of services required by USMC under the Prime Contract has diminished and the quantity and frequency of services required by DTS from ICI has diminished.

11. In September 2012, BOQUIST, on behalf of ICI, requested that its subcontract with DTS be re-negotiated and the fixed prices of the subcontract be increased because of the reduction in the quantity of services it would be providing under the subcontract.

12. DTS declined to re-negotiate the existing subcontract.

13. Thereafter, ICI and BOQUIST engaged in a series of actions with the intention of coercing DTS to re-negotiate the subcontract, by threatening to make false and specious allegations that DTS and KGS had engaged in unethical and illegal conduct in connection with the Prime Contract, which ICI and BOQUIST would disclose to USMC and the public unless its subcontract was re-negotiated.

14. The threatened disclosures included allegations that DTS had unlawfully hired active duty Marines as support personnel for its role player training exercises. These allegations are groundless and ICI and BOQUIST knew they were groundless.

15. DTS continued in its refusal to re-negotiate the subcontract and ICI reported the alleged incidents to USMC.

16. ICI and BOQUIST then published its allegations of illegal and unethical conduct by DTS by communicating the information, both verbally and in writing to the USMC, and in particular, to the USMC Program Manager for Training Systems (PM TRASYS), located in Orlando, Florida.

17. The KGS Chief Compliance Officer conducted an investigation resulting in no findings of violating FAR, DFARS, Office of Government Ethics rules and all written directives provided by the USMC. Because of ICI's false claims and the threats to disclose its allegations

Complaint for Damages
DTS and Katmai v. ICI and Boquist, 3AN-13_____CI

Exhibit 1
Page 7 of 15

4

Case 3:13-cv-00172-JWS   Document 1-1   Filed 09/04/13   Page 7 of 15

to third parties, KGS decided to proactively report its findings to the Prime Contract government contracting officer on January 4, 2013.

18. NCIS subsequently investigated the allegations and found that no violations of any contract clause, regulation or law had occurred.

19. On or about January 7, 2013, DTS terminated the ICI Subcontract for the material breach of the Non-Disparagement clause of the contract.

20. ICI and BOQUIST then engaged in additional actions to disparage DTS and KGS by making new groundless allegations, including claims that DTS had committed violations of the International Traffic in Arms Regulations (ITAR), and that DTS has submitted false claims and engaged in other illegal and unethical conduct.

21. ICI and BOQUIST have filed multitudinous frivolous requests for information under the Freedom of Information Act with USMC and PM TRASYS for the purpose of making indirect allegations of improper conduct by DTS and KGS and to create ill-will toward DTS and KGS by USMC.

22. ICI and BOQUIST have communicated the false and malicious allegations set forth above to various employees and managers of DTS and to all of the ICI employees without legitimate purpose. This includes persons who were seeking employment by DTS.

23. ICI and BOQUIST have communicated the false and malicious allegations set forth above to various vendors and suppliers of DTS, including but not limited to, Boland Productions, without legitimate purpose.

24. At all times herein relevant, ICI and BOQUIST knew that the allegations of illegal and unethical conduct by DTS were false.

25. At all times herein relevant, ICI and BOQUIST committed the acts set forth above with the intent of deceiving the recipients of the communications, including but not limited to, the USMC, PM TRASYS, Boland Productions, the then current ICI employees, the DTS employees and managers, the DTS vendors and suppliers and other persons not immediately identifiable by Plaintiffs.

26. The persons and entities identified above, as the recipients of the communications from ICI and BOQUIST, have acted in justifiable reliance on the statements and to the detriment and damage of Plaintiffs, and in particular, by the actions of PM TRASYS in reducing the number and scope of training exercises awarded to DTS, by declining to seek employment opportunities with DTS, and in many additional actions causing damage to DTS and KGS.

27. In doing the acts herein alleged, defendants' conduct which forms the basis of this lawsuit demonstrated reckless indifference to the interests of plaintiffs, and was outrageous, including acts done with malice or bad motives.

28. Each of the paragraphs set forth above and set forth below shall be deemed to be repleaded and incorporated by reference into each of the following Claims for Relief.

## FIRST CLAIM FOR RELIEF:
## INTENTIONAL INTERFERENCE WITH CONTRACT

29. The actions of ICI and BOQUIST set forth above were taken with the intention of

interfering with the contract between DTS and USMC.

30. Defendants knew of the contract, intended to induce the USMC to reduce and limit the number of training missions performed by DTS. Defendants caused USMC to reduce and limit the number of training missions performed by DTS under the contract. Defendants caused plaintiff DTS to sustain damages for its lost profit resulting from the reductions of the number of training. Defendants acted without privilege or justification

## SECOND CLAIM FOR RFELIEF:
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

31. Plaintiff DTS had a potential business relationship with USMC and with all agencies of the federal government which enter into contracts to provide training exercises and similar services. Defendants knew about these relationships. Defendants acted with the intention of preventing the formation of these relationships and disrupting these relationships. Defendants' conduct interfered with these relationships. Defendants' interference caused damage to DTS. Defendants' conduct was not privileged or justified.

## THIRD CLAIM FOR RELIEF:
## DEFAMATION PER SE

32. Defendants made statements accusing plaintiffs of engaging in unlawful and unethical conduct in connection with the USMC contract as set forth above and which harmed the business reputation of Plaintiffs. Defendants either knew that the statements were false or had serious doubts about the truth of the statements. The statements were communicated to persons other than plaintiffs, including the USMC, other agencies of the federal government, plaintiffs' vendors and suppliers, plaintiffs' employees and managers and the ICI workforce. Each of the

recipients of the statements knew that the statements referred to plaintiffs. The statements were false.

## FOURTH CLAIM FOR RELIEF:
## INTENTIONAL MISREPRESENTATION

33. Defendants made the misrepresentations of fact set forth above. Defendants knew that the statements were false or acted in conscious disregard of their falsity. Defendants made that statements for the purpose or with the expectation of inducing the USMC, USMC PM TRASYS, and other agencies of the federal government including but not limited to the military, DHS, and DOS, as well as, the DTS and KGS vendors and suppliers to act in reliance on the statements. Defendants caused these recipients to act in justifiable reliance on the statements. Defendants' conduct has caused plaintiffs to suffer damages and losses, including but not limited to lost profits, lost business opportunities, loss of potential employees, damages for the costs of refuting the statements and many other instances and items of damages.

## FIFTH CLAIM FOR RELIEF:
## NEGLIGENT MISREPRESENTATION

34. Defendants made the misrepresentations of fact set forth above. Defendants acted with negligence or failed to ascertain the veracity of the statements. Defendants made the statements for the purpose or with the expectation of inducing the USMC, USMC PM TRASYS, and other agencies of the federal government, including but not limited to, the military, DHS, and DOS, as well as, the DTS and KGS vendors and suppliers to act in reliance on the statements. Defendants caused these recipients to act in justifiable reliance on the statements. Defendants' conduct has caused plaintiffs to suffer damages and losses, including but not limited

to, lost profits, lost business opportunities, loss of potential employees, damages for the costs of refuting the statements and many other instances and items of damages.

## SIXTH CLAIM FOR RELIEF:
## BREACH OF CONTRACT - NON-DISPARAGEMENT PROVISION

35. Defendant ICI has breached its subcontract with DTS by disparaging DTS in the manner set forth above and in contravention of the non-disparagement provision in the subcontract. The breach of contract has caused damages to DTS.

## SEVENTH CLAIM FOR RELIEF:
## BREACH OF CONTRACT – COVENANT OF GOOD FAITH AND FAIR DEALING

36. Defendant ICI has breached its subcontract with DTS by its actions set forth above, which were done in contravention of the covenant of good faith and fair dealing. Defendant ICI has breached the covenant in both a subjective and objective manner. The breach of covenant has caused damages to DTS.

## EIGHTH CLAIM FOR RELIEF:
## EXEMPLARY OR PUNITIVE DAMAGES

37. In doing the acts herein alleged, Defendant Boquist's conduct which forms the basis of this lawsuit demonstrated reckless indifference to the interests of plaintiffs, and was outrageous, including acts done with malice or bad motives. Plaintiffs are entitled to an award of punitive damages in accordance with Alaska law and statutes.

////

WHEREFORE, Plaintiffs pray for judgment against defendants and each of them for damages and losses as set forth above, for pre and post judgment interest, for costs of suit and attorneys' fees, for such other and further relief as the Court deems just.

Dated: July 10, 2013.

                                         Law Office of William K Walker

                                         */s/ William K Walker*
                                         William K Walker
                                         ABA 7906059

                                         Law Office of Jody A. Reausaw

                                         */s/ Jody A. Reausaw*
                                         Jody A. Reausaw
                                         ABA 9511072

William K Walker
Law Office of William K Walker
910 17th Street NW, Suite 800
Washington, DC 20006
Tel: 202-857-7910
Fax: 202-857-7912

Jody A. Reausaw
Law Office of Jody A. Reausaw
130 W. Int'l Airport Road, Suite B
Anchorage, Alaska 99518
Tel: 907-258-3435
Fax: 907-258-3435
Attorneys for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| DEFENSE TRAINING SYSTEMS, a Division of ILSC Holdings, L.C., a Florida Limited Liability Company and KATMAI GOVERNMENT SERVICES, LLC, an Alaska Limited Liability Company, <br><br> Plaintiffs, <br><br> vs. <br><br> INTERNATIONAL CHARTER INC OF WYOMING, Wyoming Corporation and BRIAN J. BOQUIST, <br><br> Defendants. | Case No. 3AN-13-_____CI |

## DEMAND FOR TRIAL BY JURY

COME NOW the above-named plaintiffs, by and through counsel, William K Walker and Jody A. Reausaw, Attorneys at Law, and request and demand trial by jury on all issues triable of right by jury in the above-entitled cause.

DATED this 10th day of July, 2013, at Anchorage, Alaska.

LAW OFFICE OF JODY A. REAUSAW

Demand for Trial by Jury
DTS and Katmai v. ICI and Boquist, 3AN-13_____CI

1

Exhibit 1
Page 14 of 15
Case 3:13-cv-00172-JWS   Document 1-1   Filed 09/04/13   Page 14 of 15

By: *(signature)*
Jody A. Reausaw
Bar No. 9511072

Demand for Trial by Jury
DTS and Katmai v. ICI and Boquist, 3AN-13_____CI

2

Exhibit 1
Page 15 of 15