# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| Defense Training Systems and Katmai Government Services, LLC, | )<br>)<br>) |
| Plaintiffs, | ) 3:13-cv-172 JWS<br>) |
| vs. | )<br>) ORDER FROM CHAMBERS |
| International Charter Inc. of Wyoming and Brian J. Boquist | )<br>)<br>) |
| Defendants. | ) [Re: Motion at docket 12]<br>)<br>) |

## I. BACKGROUND

At docket 12 defendant Brian J. Boquist moved to dismiss the claims against him arguing that his contacts with the State of Alaska are insufficient to support the exercise of personal jurisdiction in this district. Plaintiffs opposed at docket 22. Boquist replied at docket 33. The court's order at docket 41 held that it could not exercise general jurisdiction over Boquist. The order found that the record was not sufficiently developed to determine whether the court could exercise specific jurisdiction over Boquist. The court referred the specific jurisdiction issue to a magistrate judge for purposes of conducting an evidentiary hearing and providing this court with a recommendation on the specific jurisdiction issue pursuant to 28 U.S.C. § 636(b)(1)(B).

The referral was assigned to Magistrate Judge Smith who conducted an evidentiary hearing on February 6 and 7. A transcript of the hearing was filed at dockets 61 and 62. Judge Smith entertained additional briefing. Thereafter, she filed her report at docket 69 recommending that this court exercise specific jurisdiction over

defendant Boquist. The time for filing objections to the report has run. No objections have been filed.

## II. STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1] When reviewing a magistrate judge's report and recommendation, the district court conducts *de novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3] Uncontested findings of fact are reviewed for clear error.[4]

## III. DISCUSSION

Having reviewed the file and applied the standard of review articulated above, this court concludes that the magistrate judge has correctly found the facts and applied the law. Judge Smith's report is exceedingly thorough and very well reasoned. Defendant Boquist's contacts with Alaska clearly support the exercise of specific jurisdiction in this case. This court adopts Magistrate Judge Smith's recommended findings and conclusions in her report at docket 69. Based thereon, the motion at docket 12 is **DENIED** with respect to specific jurisdiction. The court will adjudicate plaintiffs' claims.

DATED at Anchorage, Alaska this 3rd day of July 2014.



/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).